NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MERAT M. SABA, <br><br> Plaintiff, <br> v. <br><br> MIDDLESEX COUNTY BOARD OF SOCIAL SERVICES and CWA LOCAL 1082, <br><br> Defendants. | Civil Action No. 3:16-cv-4712-BRM-TJB <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Merat Saba's ("Saba") Motion and Letter Request to Reopen his case. (ECF Nos. 43, 47.) Defendant Middlesex County Board of Social Services' ("MCBSS") and Defendant CWA Local 1082's ("CWA") (together with MCBSS, "Defendants") oppose the Motion. (ECF Nos. 44, 45.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth below and for good cause shown, Saba's Motion is **DENIED**.

I. **BACKGROUND**

The underlying facts and procedural background are set forth at length in the Court's June 30, 2017 Opinion (ECF No. 35), in which the Court granted Defendants' Motions to Dismiss. In the interest of judicial economy, the Court refers the parties to that Opinion for a full recitation of the factual background of this dispute and discusses only relevant portions of the record below.

On June 30, 2017, the Court: (1) dismissed with prejudice all claims against CWA, due to Saba's failure to exhaust administrative remedies; (2) dismissed with prejudice the claims under Title VII of the Civil Rights Act of 1964 ("Titled VII") based on race, alleged against MCBSS, due to Saba's failure to exhaust administrative remedies; and (3) dismissed without prejudice the remaining Title VII claims against MCBSS, as well as the Age Discrimination in Employment Act of 1967 ("ADEA") and American with Disabilities Act of 1990 ("ADA") claims, for failure to state a claim. (ECF Nos. 35, 36.) The Court did not include an order allowing Saba to amend his Complaint.

As to the claims dismissed without prejudice, the Court found the "Complaint does not 'contain sufficient factual matter, accepted as true, to "state a claim for relief [under Title VII, the ADEA, or the ADA] that is plausible on its face."'" (ECF No. 35 at 10 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007))).) Specifically, the Court found:

> In sum and substance, Plaintiff's Complaint alleges he was not promoted and eventually terminated because he worked too hard and was smarter and more experienced than his superiors. These allegations do not state a cause of action for discrimination. The only allegations of employment discrimination are in the Form Complaint, where he checked boxes which, when read together, allege Defendants discriminated against Plaintiff on the basis of race (Persian), religion (Islam), national origin (Iran), age (62), and disability (Polio) in violation of Title VII, the ADEA, and the ADA when they terminated his employment, failed to promote him, and retaliated against him. (ECF No. 1.) Plaintiff does not provide any factual allegations, either in the Form Complaint or Supplemental Letter, to support these claims. To the contrary, Plaintiff's Complaint alleges his termination was "pre arranged [sic] and a set up" after several less-qualified coworkers were promoted. (ECF No. 1-1.)

(ECF No. 35 at 9-10.)

On July 17, 2017, Saba filed a Notice of Appeal, which was docketed with the Third Circuit on July 21, 2017, as Appeals Docket No. 17-2565, seeking an appeal of the Court's June 30, 2017 Order. (ECF Nos. 37, 39.) On July 17, 2017, Saba filed an application to proceed *in forma pauperis* on appeal (ECF No. 38), which this Court denied without prejudice on July 28, 2017, because the application's affidavit was not signed (ECF No. 40.) On July 31, 2017, Saba refiled his application (ECF No. 41), which this Court denied on August 2, 2017, based on Saba's ability to pay (ECF No. 42). On August 17, 2017, he paid the filing fee for his appeal.

Less than two weeks later, on August 28, 2017, while the appeal was pending, Saba filed a Motion to Reopen. (ECF No. 43.)[1] Saba argues his case should be reopened because he does not understand the legal system and needs more time to find an attorney. (ECF No. 43-1 at 2.) He would like to "appear before a judge in order to clear any and all misunderstanding [sic] of this complaint and how [sic] justice system allows criminal activities to be continued by failing to address them and take decisive actions to stop them forever." (*Id.* at 3.) He states, "It is my conclusion view point the merit of letter to court [sic] and copies to defense attorneys has [sic] misunderstood, ignored or considered as extraneous and irrelevant" (*id.* at 2), although it is not clear what letter he is referencing.

Additionally, Saba renews his request to have "[t]he entire complaint . . . prosecuted by federal prosecutor [sic] office" because "criminal acts" "have taken place and still happening to [him] from inception of [his] employment with the [MCBSS] and after passing away of [his] wife." (*Id.* at 2.) However, he states he is "unable to share [the criminal acts] without legal representation." (*Id.*) Defendants oppose reopening the case, arguing Saba's Motion "does not

---

[1] Saba filed a single Motion to Reopen for both of his cases (Dkt. No. 16-4712 and Dkt. No. 16-9064). Because the Court is addressing the cases separately, only relevant portions of the record will be addressed here.

3

provide any basis that would warrant the reconsideration of this Court's decision or relief from the Order dismissing [Saba's] Complaint." (MCBSS Opp. (ECF No. 44); *accord* CWA Opp. (ECF No. 45).)

On October 13, 2017, the Court of Appeals dismissed Saba's appeal for lack of appellate jurisdiction, finding Saba had not demonstrated clear intent to stand on the complaint, and therefore, the order was not final and appealable with the meaning of Rule 54(b) of the Federal Rules of Civil Procedure. (ECF No. 46.)

On March 2, 2018, Saba filed a letter request asking the Court to reopen his case "as soon as possible to resolve the complaint." (ECF No. 47.)

The Court construes Saba's Motion to seek reconsideration of or relief from the June 30, 2017 Order. Alternatively, the Court construes it as a motion to amend the complaint. Each is addressed in turn.

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

While not expressly authorized by the Federal Rules of Civil Procedure, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.,* Civ. No. 08–1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). The comments to that Rule make clear, however, that "reconsideration is an extraordinary remedy that is granted 'very sparingly.'" L.Civ.R. 7.1(i) cmt. 6(d) (quoting *Brackett v. Ashcroft*, Civ. No. 03-3988, 2003 WL 22303078, *2 (D.N.J. Oct. 7, 2003)); *see also Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co.,* Civ. No. 07–2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (explaining that a motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and

4

requests pursuant to th[is] rule[ ] are to be granted 'sparingly'") (citation omitted); *Fellenz v. Lombard Inv. Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005).

A motion for reconsideration "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L.Civ.R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n,* 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.").

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F. 3d 669, 677 (3d Cir. 1999); *see also N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F. 3d 1194, 1218 (3d Cir. 1995) (citation omitted). A court commits clear error of law "only if the record cannot support the findings that led to the ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, No. 09–4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (*citing United States v. Grape*, 549 F. 3d 591, 603–04 (3d Cir. 2008) "Thus, a party must . . . demonstrate that (1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L.Civ.R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6. (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 353); *see also United States v. Compaction Sys. Corp.,* 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.,* 680 F. Supp. 159, 163 (D.N.J. 1988); *Schiano v. MBNA Corp.,* Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process. . . .") (citations omitted).

### B. Decision

To the extent Saba seeks reconsideration of the Court's June 30, 2017 Order, reconsideration is **DENIED**. Saba has not demonstrated "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café,* 176 F. 3d at 677. While Saba contends an unspecified letter may have been "misunderstood, ignored or considered as extraneous and irrelevant," and that he would like to "to clear any and all misunderstanding of this complaint," he does not state what those misunderstandings are, what he thinks the Court overlooked (if anything), and he does not point to any clear error of law or fact. Instead, he wants to appear before the Court, as he has done before, to inquire "how [the] justice system allows criminal activities to be continued by failing to address them and take decisive actions to stop them forever." (*Id.* at 4.) This is not a ground for reconsideration.

Moreover, the Court has, on several prior occasions, addressed Saba's allegations regarding criminal acts and his desire to have the Complaint "prosecuted." On November 28, 2016, and January 31, 2017, respectively, the Court held an in-person status conference (ECF No. 23) and a settlement conference (ECF No. 34) where Saba raised his concerns. The Court advised him he filed a civil complaint for employment discrimination, and the Court would only address the claims with respect thereto. He was advised to contact the appropriate authorities. (*See also* Letter Order dated August 18, 2016 (ECF No. 4) (advising Saba to contact the FBI or U.S. Attorney's Office regarding his criminal allegations).) Saba has no private cause of action against Defendants arising out of the FBI or prosecutor's apparent decision not to criminally investigate his allegations. To the extent Saba is asking this Court to compel the FBI to conduct an investigation, that request is in the nature of a mandamus action. *See Seymour/Jones v. Denise A. Kuhn*, Civ. A. No. 96-6599, 1997 WL 24838, at *3 (E.D. Pa. Jan. 22, 1997) (quoting *Whittle v. Moschella*, 756 F. Supp. 589 at 596–97 (D.D.C.1991)). Saba as not alleged nor sufficiently pled he is entitled to such relief.

Accordingly, reconsideration of the June 30, 2017 Order is **DENIED**.

### III.    RELIEF FROM PRIOR ORDER

#### A.  Legal Standard

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence," *Gonzalez v. Crosby*, 545 U.S. 524, 529, 125 S. Ct. 2641, 162 L.Ed.2d 480 (2005), as well as "inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1). "The remedy provided by Rule 60(b) is extraordinary, and special circumstances must justify granting relief under it." *Jones v. Citigroup, Inc.*, No. 14-6547, 2015 WL 3385938, at *3 (D.N.J. May 26, 2015)

7

(quoting *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987). A Rule 60(b) motion "may not be used as a substitute for appeal, and . . . legal error, without more cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010) (quoting *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir. 1988)). A motion under Rule 60(b) may not be granted where the moving party could have raised the same legal argument by means of a direct appeal. *Id.*

### B. Decision

To the extent Saba's Motion is filed pursuant to Federal Rule of Civil Procedure 60(b), his motion is **DENIED**. Saba has not alleged the Court engaged in fraud or made a mistake, nor has he alleged the existence of newly discovered evidence, inadvertence, surprise, or excusable neglect. *See* Fed. R. Civ. P. 60(b)(1); *Gonzalez*, 545 U.S. at 529. Instead, he merely expresses concern that his Complaint was misunderstood (ECF No. 43-1 at 3), while failing to identify what, specifically, was misunderstood or how it would have affected the Court's decision on the motions to dismiss. *See Erie v. Cty. of Crawford, Com. of Pa.*, 161 F. App'x 227, 228 (3d Cir. 2006) (affirming district court's denial of motion to reopen where plaintiff alleged defendants "misled the District Court as to the facts of the case" but plaintiff "d[id] not identify any specific facts which were misrepresented or explain how they affected the District Court's ruling"). This conclusory allegation is insufficient to grant relief pursuant to Rule 60(b).

Furthermore, Saba indicates he cannot share information with the Court without legal representation. (ECF No. 43-1 at 2.) Saba has had nearly two years to find counsel. Nevertheless, his inability to pay for counsel is not a reason to reconsider the Court's prior decision.

Accordingly, reconsideration of the June 30, 2017 Order is **DENIED**.

**IV.　MOTION TO AMEND**

Saba has not, expressly, requested to amend his Complaint. To the contrary, his Motion to Reopen asks to appear before the Court in order to "clear any and all misunderstanding of *this* complaint" (ECF No. 43-1 at 3), indicating he intends to stand on his originally filed Complaint, *see Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976); *Frederico v. Home Depot*, 507 F.3d 188, 192 (3d Cir. 2007) (finding jurisdiction where plaintiff "repeatedly asserted that the allegations contained in the complaint were legally sufficient"). Nevertheless, the Third Circuit found it lacked jurisdiction, and therefore, in light of the Third Circuit's decision, this Court's prior dismissal of the original Complaint, and this decision, and in order to review the record in a light most favorable to Saba, the Court considers any additional allegations and construes his motion as one to amend the Complaint, despite the procedural deficiencies.

**A.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure 15(a), once a party's time to amend as a matter of course expires, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). An amendment is futile if it "is frivolous or advances a claim . . . that is legally insufficient on its

9

face." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility, the Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

### B. Decision

To the extent Saba moves to amend his Complaint, his motion is **DENIED**. Nothing submitted in Saba's Motion to Reopen, if included in an amendment to the current Complaint, would cure the deficiencies described in the Court's June 30, 2017 Opinion. In other words, based on the record before the Court, amendment to the Complaint would be futile because Saba has not set forth allegations sufficient to state a claim, as explained in the Court's June 30, 2017 Order and Opinion.

Saba has not demonstrated an amendment is warranted, and therefore, any request to amend is **DENIED**.

## V. CONCLUSION

For the reasons set forth above, Saba's Motion (ECF No. 43) is **DENIED**. Relief is denied under Local Civil Rule 7.1(i) and Federal Rule of Civil Procedure 60(b). The Court finds Saba stands on his Complaint, but to the extent he seeks to amend his Complaint, that request is denied. An appropriate order will follow.

Date: March 29, 2018     */s/ Brian R. Martinotti*
                        **HON. BRIAN R. MARTINOTTI**
                        **UNITED STATES DISTRICT JUDGE**